887 F.2d 1080
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Frank KUERER, Plaintiff--Appellant,
v.
Louis W. SULLIVAN, Secretary, Department of Health and Human
Services, (DHHS), OASH, ADAMHA and FDA, Defendant--Appellee.
 No. 88-3047.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 17, 1989.
Decided: Oct. 3, 1989.
 
 Frank Kuerer, appellant pro se.
 Jane F. Barrett (Office of the United States Attorney), Linda Ann Ruiz (United States Department of Health & Human Services), for appellee.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq. (ADEA), Frank Kuerer sought compensation for numerous acts of alleged age discrimination, based on Kuerer's inability to secure any of approximately 115 positions throughout the Department of Health and Human Services (DHHS) for which he applied during the 16 years he worked in the department. The district court dismissed one group of Kuerer's claims as untimely, a second group because Kuerer failed to provide enough information concerning either the positions for which he was applying or the selectees for those positions to establish a prima facie case of age discrimination, and a third group (consisting of all remaining claims) because Kuerer failed to present sufficient evidence to create a genuine issue of whether DHHS's proffered legitimate reasons for selecting the persons it hired for these positions were merely a pretext for age discrimination. Our review of the record and the district court's opinion discloses that, except for the claims discussed below, the appeal is without merit and we affirm the district court's dismissal of these claims on its reasoning.[1] For the reasons that follow, we vacate the district court's dismissal of the remaining claims.
 
 
 2
 The record in this case contains no evidence of if or when Kuerer was ever officially notified that he was not selected for the positions for which he applied, or when these positions were filled. Kuerer testified during his deposition, however, that he always checked on his applications within two months of filing them. Consequently, the district court allowed as timely any claims involving positions Kuerer applied for within 90 days of initiating the administrative process (60 days before Kuerer had reason to know of a cause of action and 30 days to contact an EEO counselor pursuant to 5 C.F.R. Sec. 713.214(a)(i)).[2] We agree with the district court's holding in this regard. However, the district court incorrectly believed that Kuerer did not consult with an EEO counselor until December 19, 1977. In fact, the record shows that Kuerer first brought his claims to an EEO counselor on October 28, 1977, and the informal counseling process was concluded on November 28, 1977. Thus, under the district court's holding, the proper date for separating timely from untimely claims was July 27, 1977.
 
 
 3
 Because of the district court's error regarding when Kuerer initiated the administrative process, it incorrectly dismissed as untimely the following five claims, all of which involve applications filed between July 27, 1977 and September 20, 1977: P-77-B-250, Bureau of Medical Devices, Office of the Bureau Director, Office of Small Manufacturers (p 45k)[3]; P-77-B-290, Bureau of Medical Devices, Associate Director for Compliance, Division of Compliance Operations (p 451); P-77-B-287, Bureau of Medical Devices and Diagnostic Products, Office of Bureau Director, Assistant Director of Regulations Policy (p 45m); FDA 77-185B, Consumer Safety Officer (p 45bb); and FDA 77-196-B, Consumer Safety Officer, Office of the Commissioner (p 45cc). Because Kuerer provided sufficient evidence on all of these claims to establish a prima facie case, and there is presently no rebuttal evidence in the record, these claims must be remanded for further consideration.
 
 
 4
 Accordingly, we affirm in part and vacate in part, and remand this case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal arguments are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART VACATED IN PART AND REMANDED.
 
 
 
 [1]
 We note that the district court was incorrect when it concluded that Kuerer had acquiesced in the alleged breach of the settlement agreement relating to the claim involving vacancy announcement OASH 77-41 because he failed to take immediate action to remedy the breach once he learned of it, and therefore pursuit of this claim is barred by the doctrine of laches. The record shows that once Kuerer believed the settlement agreement had been breached, he attempted to pursue his original claim of discrimination for failing to hire him to fill position 77-41 in his EEO complaint against OASH pending at the time, arguing that the settlement agreement had been breached. However, we agree with the district court's conclusion that summary judgment on this claim is nevertheless appropriate, as Kuerer failed to present evidence sufficient to create a genuine dispute of material fact regarding whether the settlement agreement was breached
 
 
 [2]
 This section, setting forth the time limits for federal employment discrimination claims, was in effect at the time Kuerer's claims arose. The district court's reference to 29 C.F.R. Sec. 1613.214, in effect at the time of its opinion, is insignificant, as both regulations require initial contact with an EEO counselor within 30 days of the matter generating the discrimination claim
 
 
 [3]
 Reference is made to the paragraphs of Kuerer's affidavit in support of his motion for summary judgment in which the claims are described